UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBIN EDGE,<br><br>       Plaintiff,<br><br>  -against-<br><br>SHOPRITE CORPORATION, entire management team, individually,<br><br>       Defendant. | 25-CV-4709 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Robin Edge brings this *pro se* action alleging that Defendant ShopRite Corporation violated her rights at one of its stores in Norwich, Connecticut.[1] For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of Connecticut.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff mailed her complaint to the court but did not provide any contact information, including a mailing or email address. The envelope containing her complaint indicates that the complaint was mailed from Hartford, Connecticut. Plaintiff did not sign the complaint, pay the fees to initiate this action, or ask that the fees be waived.

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that that she suffered discrimination because of her race and religion at a ShopRite store in Norwich, Connecticut. She does not provide the residence of ShopRite, only indicating that her claims occurred in Connecticut. Plaintiff does not state any facts suggesting that ShopRite resides in New York or is subject to this court's personal jurisdiction with respect to this action. Accordingly, because ShopRite does not appear to reside in this district, and the alleged events occurred in Norwich, Connecticut, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Norwich, Connecticut, which is in the District of Connecticut. *See* 28 U.S.C. § 86. Accordingly, venue lies in the District of Connecticut, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 10, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge